UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Ralph Hill, Jr.,                                      Case No.  3:14-MC-00079

              Plaintiff

      v.
                                                     MEMORANDUM OPINION
                                                     AND ORDER
Jonathan Williamson, *et al.*,

              Defendants


*Pro se* plaintiff Ralph Hill, Jr. has filed this action, captioned as a "Motion for a Standard De Novo Review" and a "Motion for Transfer Because of Diversity."  (*See* Doc. No. 1.)  He has also filed a "Motion to Amend" (Doc. No. 2) and a "Motion to Consolidate All Filings Received to the Standard De Novo Review."  (Doc. No. 6.)

Although *pro se* complaints are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not exempt from the pleading requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a) requires that a pleading set forth "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing the pleading is entitled to relief."  The Sixth Circuit has recognized that, despite a plaintiff's *pro se* status, federal courts are not required to "guess at the nature of the claim asserted."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of a *pro se* complaint for failure to comply with federal pleading requirements and stating

that "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading"); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of a *pro se* complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating that "[n]either this court nor the district court is required to create Payne's claim for her").

In addition, federal courts are courts of limited jurisdiction and have an independent duty to determine whether they have jurisdiction in cases before them and to "police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds*, *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 549 (6th Cir. 2006).  A federal district court has the authority to dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) at any time "when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *see also In re Benedictin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal jurisdiction is divested by obviously frivolous and unsubstantial claims).

After reviewing the plaintiff's pleadings, I find the action must be dismissed pursuant to *Apple v. Glenn*, 183 F.3d 477.  The plaintiff's complaint is rambling, incoherent, and largely incomprehensible.  Even liberally reading it, I am unable to discern *any* cognizable claim or cause of action, or any coherent factual basis for a claim.

The plaintiff appears to complain about, and asks the Court to review and "give its opinion" on two terminated state court cases:  a 2010 declaratory judgment action filed against the plaintiff by his siblings in the Probate Division of the Family Court of Marion County (*Shirley Worthington, et al. v. Ralph Hill, Jr.*, Case No. 10 CV 52422); and a civil tort action the plaintiff subsequently filed in the Marion Court of Common Pleas against his siblings' attorneys and the judge in the probate case (*Ralph Hill, Jr. v. Jonathan Williamson, et al.*, Case No. 2013 CV 1172).

Although it is unclear from the plaintiff's complaint what specific relief he seeks in this case

in connection with these decided state cases, it is well-established that federal district courts such as this one possess only original jurisdiction to decide cases; federal district courts lack the power to review decisions rendered by state courts.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the United States Supreme] Court").  Accordingly, this Court lacks jurisdiction to hear the plaintiff's action, which seeks "de novo" review of decided state cases.

## CONCLUSION

For the reasons state above, I am dismissing this action pursuant to *Apple v. Glenn*, 183 F.3d 477.

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge